## FLEMING v. CAMPBELL et al.
### No. 10390.

Circuit Court of Appeals, Sixth Circuit.
March 17, 1947.

Leanora Gruber, of Washington, D. C. (Wm. E. Remy, David London, Albert M. Dreyer and Leanora S. Gruber, all of Washington, D. C., and Edward N. Vaden, of Atlanta, Ga., on the brief), for appellant.

O. B. Hofstetter, Jr., of Nashville, Tenn. (Hofstetter & Hofstetter, of Nashville, Tenn., on the brief), for appellees.

Before HICKS, SIMONS and MILLER, Circuit Judges.

MILLER, Circuit Judge.

The Price Administrator instituted this action in the District Court seeking to enjoin the appellees from violating provisions of the Emergency Price Control Act of 1942 as amended, 50 U.S.C.A.Appendix, § 901 et seq., and the Rent Regulation thereunder, in their attempt through action in the state court to evict tenants in rental property owned by the appellees. The District Judge issued a temporary restraining order but following a hearing denied the application for a preliminary injunction. The temporary restraining order was continued in effect pending the Price Administrator's appeal, which was duly taken and is now before the Court.

The appellees, J. O. Campbell and his wife, were the owners of two pieces of real estate in Nashville, Tennessee, one on Boscobel Street, in which they lived, and the other on Douglas Avenue. The Douglas Avenue property was acquired by them in March 1942 before the effective date of the Rent Regulation under the Emergency Price Control Act, and was rented to a tenant, C. P. Williams. They owned no other real estate.

On July 3, 1946, the appellees contracted to sell the Boscobel Street property. On July 9, 1946, Williams, the tenant at the Douglas Avenue property, was orally notified that the appellees would need that house for their own use and Williams agreed to vacate it on August 3d. On July 28, 1946, the appellees delivered to the purchaser a deed to the Boscobel Street property, and at the same time it was agreed that they would remain in possession of the premises not later than October 28, 1946. On August 19, 1946, the appellees advised Williams by letter that his month to month lease on the Douglas Avenue property would not be renewed at the close of the period ending October 2, 1946, for the reason that having sold the other property they needed the Douglas Avenue property for their own use. The letter also served as the 30 day notice required under the Tennessee law. A copy of the letter was sent to the Rent Director, Office of Price Administration, Nashville, Tennessee. This was followed by an oral notice on September 3, 1946. Williams, at all times, agreed to vacate the property prior to October 3, 1946.

On October 3, 1946, the tenant not having vacated the premises, the appellees instituted a detainer action in the Court of General Sessions at Nashville. On October 7, 1946, after receiving notice from appellees of the institution of the detainer action the Area Rent Attorney of the Office of Price Administration advised them by letter that they did not meet the requirements of Section 6(a) (6) of the Regulation, which provided for local eviction remedies without a certificate of eviction, and that if the eviction proceedings were continued it would be necessary to petition the Feder-

al Court for an injunction staying the proceedings. On October 10, 1946, the detainer action came on for trial in the state court. The court gave the appellees a judgment for the possession of their property. The present action in the U. S. District Court followed on October 15, 1946.

Jurisdiction of the action is conferred by §§ 205(a) and 205(c) of the Emergency Price Control Act as amended, §§ 925(a) and 925(c), Title 50 U.S.C.A.Appendix. The present appeal is taken pursuant to §§ 225(b) and 227, Title 28 U.S.C.A.

Section 6(a) (6) of the Rent Regulation for Housing, effective October 20, 1942, provides that so long as the tenant continues to pay the rent he shall not be removed from any housing accommodation, except in certain specified instances. One such exception exists when a landlord who owned the premises before the effective date of the Regulation "has an immediate compelling necessity to recover possession of such accommodations for use and occupancy as a dwelling for himself * * * and in good faith seeks possession for his own occupancy." Section 6(b) (1) of the Regulation provides that no tenant shall be evicted on grounds other than those stated, unless, on petition of the landlord, the Administrator certifies that the landlord may pursue his remedies in accordance with the requirements of the local law; that such a certificate shall authorize the pursuit of local remedies at the expiration of from six to three months after the filing of the petition, and in cases of unusual hardship such waiting period may be shortened in the discretion of the Area Rent Director. It is conceded that the appellees did not petition for a certificate of eviction under the provisions of Section 6(b) (1) of the Regulation. The appellant contends that the appellees should have followed that procedure, and that having failed to do so they are violating the Regulation in attempting to evict the tenant in the state proceeding without having obtained the necessary certificate of eviction. They also contend that there does not exist "an immediate compelling necessity" to recover possession of the property for their own use which would authorize the state proceeding under Section 6(a) (6) of the Regulation without a certificate of eviction. The appellees contend that there existed "an immediate compelling necessity" to recover possession of the property for their own occupancy, and that the state eviction proceeding was accordingly authorized under Section 6(a) (6) of the Regulation. The appellant concedes that the other conditions required by Section 6(a) (6) of the Rent Regulation exist. Accordingly, the issue narrows itself to whether the particular facts in this case constituted "an immediate compelling necessity" on the part of the appellees to recover possession of their property for their own occupancy, within the meaning of the Rent Regulation.

The appellant relies chiefly upon a memorandum issued January 10, 1946 by the Office of Price Administration through its Associate General Counsel for Rent, giving its interpretation of the phrase "Immediate Compelling Necessity" as used in Section 6(a) (6) of the Rent Regulation. This memorandum stated that " 'Compelling necessity' imports more than desire or convenience. The prejudice to the landlord by imposing delay on his ability to obtain immediate occupancy must be of a character that would demonstrate very real hardship," and that "the need for possession must be real, immediate and urgent." The memorandum included five examples, the fourth of which was similar to the facts of the present case, in that the landlord sold the house in which he lived and sought possession of another piece of property owned by him but rented to another. The memorandum stated that such facts did not constitute "immediate compelling necessity" because the necessity for self-occupancy of the tenant-occupied unit was self-created and that at the time of the sale of the residence the owner could have protected himself by delaying the contractual obligation to deliver possession to the purchaser until the waiting period under Section 6(b) (1) had expired. Appellant contends that in accordance with the rule as laid down in Bowles v. Seminole Rock & Sand Company, 325 U.S. 410, 414, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700, the foregoing administrative interpretation is controlling on the Court

in this case, since it is not "plainly erroneous or inconsistent with the regulation." See also Skidmore v. Swift & Co., 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124; Bowles v. NuWay Laundry Co., 10 Cir., 144 F.2d 741, 746; Mechanical Farm Equipment Distributors v. Porter, 9 Cir., 156 F.2d 296, 297.

■■■ We are of the opinion that the facts in this case come within the general definition of "immediate compelling necessity" as set out in the interpretative memorandum above referred to, disregarding for the present the specific examples included therein. The appellees' need for possession, after the sale of the Boscobel Street property, was "real, immediate and urgent," was more than merely a desire on the owners' part or a convenience to them, and delay in obtaining immediate occupancy would result in a real hardship to them. Unless the fourth example, and the Associate General Counsel's ruling with respect thereto, is applicable to this case, the District Court was correct in holding that "immediate compelling necessity" existed. In our opinion, the interpretation given by the Associate General Counsel in his ruling is inconsistent with the Regulation and accordingly not controlling in the present case. There is nothing in the Regulation pertaining to the origin of the facts out of which arise the "immediate compelling necessity" on the part of the landlord. The compelling necessity may be the result of numerous and varied causes. There is nothing in the Emergency Price Control Act that authorizes the Associate General Counsel to inquire into the causes that give rise to the immediate compelling necessity on the part of the landlord to have posses-

sion of his own property. Rent control imposes no restriction upon the right of an owner of real estate to sell his property; it was an attempt to control rents, not to restrict in any way the right of an owner to sell. The ruling of the Associate General Counsel is in effect an attempt to control or restrict the right of an owner to sell at a time and at a price which is advantageous to him, and which may not be present at a later time. But irrespective of that phase of the case, the fourth example in the interpretative opinion is not similar enough on its facts to be applicable to the present case. The present case contains several additional facts which materially change the picture. On July 9, 1946, the tenant was notified that the appellees would need the other house for their own use and at that time the tenant agreed to vacate the property on August 3d. This was some 19 days before the appellees delivered the deed to the Boscobel Street property at which time it was agreed that possession would be surrendered not later than October 28, 1946. In view of the tenant's agreement to vacate on August 3d, the agreement of the appellees to surrender possession of their own property by October 29th was a justifiable one. Thereafter the tenant at all times agreed to vacate the property prior to the date when the detainer proceedings were instituted. The failure of the tenant to keep his own promises is basically the cause of the appellees being placed in the position of having an immediate compelling necessity for possession of the property in which the tenant lived. In that respect, the emergency was not self-created.

The judgment of the District Court is affirmed.